The PEOPLE of the State of
Colorado, Complainant,

v.

David R. CALVERT, Respondent.

No. 85SA217.

Supreme Court of Colorado,
En Banc.

July 7, 1986.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

David R. Calvert, pro se.

LOHR, Justice.

In proceedings before a hearing board of the Grievance Committee of the Colorado Supreme Court, David R. Calvert, the respondent, was found to have engaged in acts of professional misconduct in connection with his handling of his client trust account, constituting cause for discipline. In its report to the hearing panel, the hearing board recommended that the respondent be suspended from the practice of law for one year and one day, that any resumption of the practice of law by the respondent be conditioned on periodic review of his trust accounts, and that he be assessed the costs of the grievance proceedings. A hearing panel of the grievance committee approved and adopted as its own the hearing board's findings, conclusions and recommendations by a vote of seven to one. After the matter was docketed in this court, the respondent filed several exceptions to the report of the hearing panel. Our review of the record satisfies us that the findings of fact contained in the hearing panel's report either have been stipulated to by the parties or are supported by clear and convincing evidence. In addition, we are persuaded that the respondent's exceptions lack merit and that the recommendations for discipline are appropriate. Accordingly, we adopt those recommendations.

The respondent was admitted to the practice of law in Colorado in April 1962. In the summer of 1983, a law clerk in the respondent's office requested an investigation into the respondent's handling of his client trust account. In the initial stages of that investigation, the grievance committee served the respondent with a subpoena duces tecum, ordering the respondent to produce all records maintained by him in his practice of law that pertained to the funds and property of his clients, including check books, cancelled checks, check stubs, ledgers, and other statements of disbursements rendered to clients or other parties with regard to trust funds. The respondent brought an original proceeding in this court to quash the subpoena. After reviewing briefs from both parties, we declined to issue a rule to show cause. *Calvert v. Colorado Supreme Court Grievance Committee,* 83SA394 (Colo. October 13, 1983). The respondent then produced

his records, enabling the disciplinary prosecutor to review the respondent's trust account for the period from July 1980 through May 1983.

Before the hearing board, the People and the respondent stipulated that during the time period under review, the respondent commingled in his trust account his own funds and those received by him on behalf of his clients. The respondent admitted that from time to time, he deposited into his trust account large amounts of money that he had received through business transactions that were independent of his law practice or through inheritance proceeds received by his wife. He also admitted that he wrote checks on his trust account for his personal use, for his family's personal use and for business expenses. At times, the respondent's trust account was overdrawn, but no check drawn on the account was ever dishonored by the bank. Funds belonging to one client or to the respondent occasionally were used for the benefit or payment of another client. The parties stipulated that the respondent never intended to convert any client funds and that no damage was ever sustained by any of the respondent's clients, each of whom was paid all of the monies to which the client was entitled. None of the clients whose funds were kept in the trust account ever filed a complaint with the grievance committee.

The hearing board found that the commingling of personal and client funds in the respondent's account began with an inadvertent deposit, made through a wire transmission by a third party, of some of the respondent's funds from another business. The respondent had been assured by his bank that his accounts would always be "covered," and eventually he developed the habits of using the trust account for personal deposits and withdrawals and of overdrawing the account. The respondent testified that an extensive I.R.S. audit and the filing of the present grievance motivated him to correct these transgressions. The respondent's son, who practices law with the respondent, and his son's paralegal now control the trust account. However, the respondent was unable to explain to the hearing board how the present system of management by these persons precludes the funds of one client from being used for the benefit of another.

On the basis of the foregoing facts, the hearing board concluded that the respondent's conduct in regard to the handling of his trust account violated DR1–102(A)(6) (engaging in conduct that adversely reflects on one's fitness to practice law), DR9–102(A) (duty to segregate client funds), DR9–102(B)(3) (duty to maintain complete records of client funds and to render appropriate accounting to client), and therefore violated DR1–102(A)(1) (violation of a disciplinary rule).

The hearing board also noted that the respondent has been disciplined on five prior occasions. The prior discipline consisted of four letters of admonition by the grievance committee and one public censure by this court. The first letter of admonition concerned the respondent's delay in filing a decree as ordered by a court. The second letter admonished the respondent for inadequately preparing for a hearing and for withdrawing from a lawyer/client relationship without adequately safeguarding the client's interests. The third letter was the most relevant to the present case. That letter, dated March 17, 1980, before the period reviewed by the grievance committee in the present proceeding, admonished the respondent for placing money given to him by a client for settlement purposes into an operating account instead of a trust account. The operating account was later overdrawn because of clerical errors and the settlement check drawn on the account was returned due to insufficient funds. Although the respondent later corrected the problem, the grievance committee emphasized to him that his conduct constituted commingling of funds in direct violation of DR9–102(A). The final letter of admonition resulted from the respondent's actions in recommending to a client that a former lawyer who had surrendered his license to practice law be appointed administrator of an estate. The respondent did not disclose

the former lawyer's background to the client. The former lawyer was appointed administrator, and subsequently converted $9,935.67 in assets from the estate and caused penalties to be incurred on behalf of the estate by failing to file timely tax returns. Lastly, the respondent received a public censure stemming from a serious and blatant conflict of interest that is detailed in *People ex rel. Cortez v. Calvert,* 200 Colo. 157, 617 P.2d 797 (1980).

The respondent does not contest the existence of the five prior disciplinary actions. Nor does he contest the hearing board's conclusion that his actions in the present case constituted violations of DR1–102(A)(6), DR9–102(A) and (B), and DR1–102(A)(1). Instead, he contends first that the subpoena duces tecum issued by the grievance committee, which required the respondent to produce his trust account records, was unlawful, and second that the hearing board's recommended discipline, which was approved by the hearing panel, is excessive and does not reflect a consideration of mitigating circumstances. These contentions are without merit.

The respondent asserts several reasons why the subpoena duces tecum was unlawful. First, he argues that the subpoena was issued prematurely because he had not yet been given an opportunity to respond to the allegations made against him. Second, he contends that the grievance committee does not have the authority to subpoena the records of an attorney who is the target of the investigation. Third, he asserts that the subpoena was unreasonable and oppressive, in part because it requested material protected by the attorney-client privilege and would obligate the respondent to notify all of his clients. The respondent presented these same arguments to this court when he sought relief by an original proceeding to quash the subpoena. After considering the lengthy briefs submitted by both parties on these issues, we declined to issue a rule to show cause. Although we issued no opinion in connection with denial of the respondent's request that we grant relief by original proceeding to quash the subpoena duces tecum, we are satisfied that the respondent's arguments were thoroughly considered at that time. We have reviewed them again and conclude that they have no merit in the context of this case.

The respondent also takes exception to the sanction that was recommended by the hearing board and approved by the hearing panel. He argues that in making its recommendation, the hearing board failed to consider any mitigating circumstances. According to the respondent, the recommended discipline is inappropriate given these mitigating circumstances. As examples of such circumstances, the respondent points to his many activities with his church and with various bar associations, his twenty-four years of practice, and his reputation as a caring, efficient, and well-prepared lawyer, which was testified to by a Denver judge and the respondent's former secretary. In addition, the respondent submitted evidence to show that he was one of the first attorneys to enroll his client trust account in a program that uses the income from enrolled accounts to fund legal services programs across the state.

Although we recognize the respondent's contributions to the legal profession and the community, we conclude that the circumstances of this case justify the discipline recommended by the hearing panel. The respondent did commingle his personal funds with those of his clients, and thus he violated several disciplinary rules, as found by the hearing board. Although no client was damaged by this improper activity, the potential for damage was great. Moreover, the funds were commingled over a period of three years, even though the respondent previously had received a letter of admonition advising him of the potential danger of such activity and of the specific proscription of such commingling set forth in DR9–102(A). Given these circumstances, we believe that the recommendations for discipline are appropriate and hereby adopt them.

The respondent, David R. Calvert, is suspended from the practice of law for one

year and one day from the date of this opinion and, as a condition of reinstatement, he shall have his client trust account periodically reviewed by an attorney approved by the disciplinary prosecutor. It is further ordered that the respondent shall pay the costs of this disciplinary proceeding in the amount of $1,193.04 to the Colorado Supreme Court Grievance Committee, Dominion Plaza Building, 600 17th Street, No. 520–S, Denver, Colorado 80202 within sixty days from the date of this opinion.