**The PEOPLE of the State of Colorado, Complainant,**

v.

**Howard L. RICE, Attorney-Respondent.**

No. 86SA250.

Supreme Court of Colorado, En Banc.

Dec. 2, 1986.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

No appearance for attorney-respondent.

QUINN, Chief Justice.

In this disciplinary proceeding, the respondent, Howard L. Rice, failed to answer two grievance complaints filed with the Grievance Committee, and a default was accordingly entered in both cases. The cases were then consolidated for hearing on the form of discipline to be imposed. A hearing board of the Grievance Committee entered findings of fact and recommended that the respondent be disbarred. A hearing panel of the Grievance Committee approved the findings and recommendations of the hearing board. We now adopt the findings of the Grievance Committee and enter an order of disbarment.

The respondent was admitted to practice law in the state of Colorado on October 6, 1961, and is subject to the jurisdiction of this court and its Grievance Committee. In September 1985 the respondent was served with a grievance complaint, but failed to answer the complaint or to contact the Grievance Committee about the grievance. The complaint alleged that on June 28, 1984, the respondent was suspended from the practice of law for failure to pay his annual registration fee, and that notwithstanding his suspension he filed a civil action on July 19, 1984, in the Denver District Court on behalf of a client. This civil action, according to the complaint, was later dismissed on August 23, 1985, for failure to prosecute. Because the respondent failed to answer the grievance complaint, the hearing board deemed the allegations admitted, C.R.C.P. 241.13(b), and concluded that the respondent's conduct violated DR 3–101(B) (practicing law in violation of regulations of profession), DR 1–102(A)(1) (violation of disciplinary rule), and C.R.C.P. 241.6(7) (failure to respond to a grievance complaint).

In the second grievance complaint, it was alleged that the respondent on May 29, 1985, entered a guilty plea in the United States District Court for the District of Colorado to a misdemeanor violation of 18 U.S.C. § 641 (1982) (stealing $100 or less of United States property). Various exhibits attached to the complaint, including copies of case records of the United States Attorney's office, indicate that the respondent was originally charged with the felony of forgery, 18 U.S.C. § 495 (1982), based on forging his deceased mother's name to several of her social security checks, and that the United States Attorney plea-bargained

for a guilty plea to a misdemeanor offense in exchange for the respondent's making restitution on all of the forged checks. The grievance complaint also alleged that the respondent was ultimately sentenced to one year imprisonment, fined $1,000, and ordered to pay restitution to the United States in the amount of $3,438.25. The respondent again failed to answer the allegations of the grievance complaint or to contact the Grievance Committee about the complaint, and the hearing board deemed the allegations admitted. The hearing board concluded that the respondent's conduct violated DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and DR 1–102(A)(6) (conduct adversely reflecting on one's fitness to practice law).

The hearing board recommended that the respondent be disbarred, and the hearing panel concurred in this recommendation, as we do also. The respondent has previously received two letters of admonition, one in 1983 and another in 1985. In addition, this court suspended the respondent from the practice of law for one year and a day in 1985 as a result of several other acts of professional misconduct. *People v. Rice*, 708 P.2d 785 (Colo.1985). The respondent's misconduct underlying the present grievance proceeding, especially when considered in light of his prior disciplinary record, demonstrates a continuing course of professional misconduct that is fundamentally incompatible with the respondent's fitness to practice law. *E.g., People v. Young*, 673 P.2d 1003 (Colo.1984). Under these circumstances, disbarment is the only appropriate sanction.

The respondent is accordingly disbarred, and his name shall be stricken from the roll of attorneys licensed to practice law in this state. The respondent is further ordered to pay the costs of these proceedings in the amount of $145.21 by tendering this sum to the Supreme Court Grievance Committee within sixty days of this date.