The PEOPLE of the State of
Colorado, Complainant,

v.

William H. FOSTER, Jr.,
Attorney-Respondent.

No. 86SA330.

Supreme Court of Colorado,
En Banc.

March 9, 1987.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

No Appearance for attorney-respondent.

QUINN, Chief Justice.

The respondent, William H. Foster, Jr., was charged in this grievance procedure with several counts of professional misconduct arising out of a business and legal relationship which he entered into with a

client in connection with the formation of a corporation. The Grievance Committee made findings of fact and recommended that the respondent be disbarred. We now adopt the findings of the Grievance Committee and enter an order of disbarment.

The respondent was admitted to the practice of law in this state on September 29, 1978, and is subject to the jurisdiction of this court and its Grievance Committee. A complaint was filed with the Grievance Committee which basically alleged that in 1983 the respondent accepted money from Vito Mastrandrea for the purpose of forming a corporation which would engage in the business of purchasing smelter equipment for tar and renting the equipment to builders, that the respondent agreed to perform all the legal work for the corporation and to use the money to invest in capital equipment, and that the respondent converted the money to his own use and benefit. A copy of the complaint was served on the respondent by certified mail at his home in the state of Washington and by publication pursuant to C.R.C.P. 241.25(b).[1] In addition, the Disciplinary Prosecutor's Office contacted the respondent by telephone and, upon being notified by him that he had received a copy of the complaint, informed him that he had until December 30, 1985, to file an answer.[2] The respondent failed to answer the grievance complaint and a default was entered against him on January 15, 1986. The Grievance Committee again notified the respondent that a hearing would be held on March 4, 1986, for the purpose of determining the appropriate form of discipline to be imposed. The respondent failed to appear at this hearing.

1. C.R.C.P. 241.25(b) authorizes service of process by certified mail or by publication under circumstances which would authorize such service pursuant to C.R.C.P. 4. C.R.C.P. 241.25(b) further states that the procedure for service by publication "shall be analogous to that prescribed by C.R.C.P. 4(h), except that publication shall be required in a newspaper published in the county of the lawyer's last known address as well as a newspaper published in the City and County of Denver."

2. The affidavit of an employee in the Disciplinary Prosecutor's Office states that she called the respondent on December 12, 1985, in Hansville, Washington, to determine if he received the citation and the grievance complaint. The respondent, according to the affidavit, replied that he received these documents on December 10, 1985, and he was then advised that his answer would be due on or before December 30, 1985.

On March 4, 1986, a hearing board of the Grievance Committee made the following findings of fact: that in May 1983 the respondent, who had previously represented a corporation in which Vito Mastrandrea held an interest, learned that Mastrandrea had recently come into an inheritance of money; that the respondent entered into an agreement with Mastrandrea whereby Mastrandrea agreed to provide the funds to the respondent to form a corporation for the purpose of purchasing smelting equipment for tar and renting the equipment to builders; that on May 10, 1983, Mastrandrea gave the respondent $6,000 and a few weeks later an additional $3,300 for this purpose; that the agreement contemplated that Mastrandrea's wife would own 90% of the corporate stock and the respondent's wife the other 10% of the stock; that on May 31, 1983, the respondent filed the corporate papers with the Secretary of State's Office incorporating M.E.M. Corporation; that Mastrandrea was unable to learn whether any equipment had been purchased and in November or December 1983 demanded from the respondent an accounting of the $9,300; that the respondent kept assuring Mastrandrea that the money would be returned but failed to return any of the money; that in February 1985 the respondent wrote two post-dated checks in the amount of $5,000 each to Mastrandrea, but both checks were returned as unpaid due to insufficient funds; and that on May 31, 1985, the respondent signed a letter in which he agreed to pay Mastrandrea the outstanding debt plus 15% interest by June 15, 1985, but made no payment whatever.

The hearing board concluded that the respondent used his position as an attorney to gain Mastrandrea's trust and confidence, that he intended to defraud Mastrandrea of his money and did indeed steal this money from Mastrandrea, and that the respondent violated the Code of Professional Responsibility and the Colorado Rules of Civil Procedure in the following respects: the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of DR 1–102(A)(4); the respondent engaged in conduct that ad-versely reflected on his fitness to practice law, in violation of DR 1–102(A)(6); the respondent, without making full disclosure to his client Mastrandrea, entered into a business transaction with his client under circumstances where the client and the respondent had differing interests in the transaction and the client expected the lawyer to exercise professional judgment for the protection of the client, in violation of DR 5–104(A); the respondent failed to maintain complete records of his client Mastrandrea's property and render accounts to his client, in violation of DR 9–102(B)(3); the respondent failed to promptly pay or deliver to his client Mastrandrea the client's funds and properties as requested, in violation of DR 9–102(B)(4); the respondent's misconduct constituted a violation of a disciplinary rule and as such violated DR 1–102(A)(1); and the respondent's failure to answer the complaint and cooperate with the Grievance Committee violated C.R.C.P. 241.6(7). It was the recommendation of the hearing board that the respondent be disbarred, that he be ordered to pay restitution to Mastrandrea in the amount of $9,300 plus interest at 15% per annum from May 10, 1983, and that he be assessed the costs of these proceedings in the amount of $191.59. A hearing panel of the Grievance Committee approved the findings, conclusions, and recommendations of the hearing board. We now adopt the findings and conclusions of the hearing board and concur in its recommendation of disbarment.

The respondent's action, as the hearing board noted, was nothing less than the calculated theft of a substantial sum of money from Mr. Mastrandrea under circumstances manifesting the respondent's egregious disregard of the Code of Professional Responsibility. Disbarment is the appropriate sanction in this situation because the lawyer engaging in such conduct "has violated one of the most basic professional obligations to the public, the pledge to maintain personal honesty and integrity." Standards for Imposing Lawyer Sanctions § 5.1 commentary (1986). On Janu-

ary 13, 1986, we suspended the respondent for a period of three years for other misconduct involving a wide range of activities, including acts of misrepresentation and deceit, the improper borrowing of money and mishandling of a client's funds, and the failure to account for moneys paid to him by his client. *People v. Foster*, 716 P.2d 1069 (Colo.1986). The respondent's misconduct underlying the present grievance proceeding, considered in light of his recent suspension, demonstrates a continuing course of professional misconduct that is fundamentally incompatible with the respondent's fitness to practice law. *See People v. Rice*, 728 P.2d 714, 715 (Colo. 1986).

The respondent is accordingly disbarred, and his name is ordered stricken from the role of attorneys licensed to practice in this state. The respondent is ordered to make restitution to Vito Mastrandrea in the amount of $9,300, plus interest at the rate of 15% per annum from May 10, 1983, and is further ordered to pay the costs of these proceedings in the amount of $191.59 by tendering such sum within 60 days from the date of the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500 S, Denver, Colorado, 80202.