The PEOPLE of the State of
Colorado, Complainant,

v.

Kenneth K. FRANK,
Attorney–Respondent.

No. 87SA428.

Supreme Court of Colorado,
En Banc.

Feb. 8, 1988.

Linda S. Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Daniel T. Michaels, Fort Collins, for attorney-respondent.

LOHR, Justice.

A formal complaint was filed with the Supreme Court Grievance Committee charging the respondent, Kenneth K. Frank, with three counts of professional misconduct. The respondent and the disciplinary prosecutor entered into a stipulation of facts containing admissions of conduct violating several provisions of the Code of Professional Responsibility, as well as Rule 241.6 of the Colorado Rules of Civil Procedure. Thereafter, a hearing was held before a hearing board of the grievance committee. The board considered the stipulation and the testimony of the respondent, and found that all three counts had been established by clear and convincing evidence. The board recommended that the respondent be suspended from the practice of law for a period of thirty days

and that he be required to pay the costs of the disciplinary proceeding. A hearing panel of the grievance committee approved the recommended discipline and referred the matter to this court. The respondent did not file any exceptions to the panel's report. We accept that report and agree that the recommended discipline is the appropriate sanction for the respondent's professional misconduct.

## I.

Kenneth K. Frank was admitted to the bar in Colorado on October 17, 1977, and is registered as an attorney upon the records of this court. He therefore is subject to the jurisdiction of this court and of the grievance committee in all matters relating to the practice of law. C.R.C.P. 241.1(b). The following facts are summarized from the grievance committee's findings and describe the professional misconduct on which this disciplinary proceeding is based.

## COUNT ONE

■ In October 1982, M.C. retained the respondent to pursue a dental malpractice action based on complications resulting from the extraction of all of her teeth and the preparation of her mouth for dentures. Although the respondent had represented clients in two medical malpractice cases, this was his first dental case. The respondent filed suit against the dentist in November 1983. The defendant dentist conducted numerous discovery proceedings, including interrogatories to the respondent containing a request for identification of the plaintiff's expert witnesses. The respondent failed to comply with the request, and the defendant filed a motion to compel discovery in September of 1984.

M.C. did not appear for her deposition or for a physical examination scheduled by the defendant for November 6, 1984. The respondent had sent letters to M.C. notifying her of the deposition, but she was employed as a migrant harvester at the time and never received the letters. The defendant filed a motion to award attorney's fees and a motion to dismiss because of M.C.'s failure to appear. The respondent

had set the trial date for November 27, 1984, but failed to submit either the name of an expert witness or a pretrial statement. The trial date was vacated due to a docket conflict, and on November 30, 1984, the court acted on the defendant's pending discovery motions and ordered the respondent to submit the name of a malpractice expert witness and the expert's report to defense counsel by December 10, 1984, or face dismissal of the action with prejudice. The trial court also awarded attorney's fees of $350 to opposing counsel.

The two dentists whom M.C. had seen were not willing to testify that the dental services performed by the defendant for M.C. did not meet the standard of care for a dentist in the community, and she was unable to afford another consultation. M.C. had earlier filed a complaint with the Dental Board. The evaluating dentist reviewed the case and reported, in essence, that the operating dentist had been negligent. The respondent attempted without success to obtain a copy of the evaluating dentist's report. The Dental Board hearing on the case had been rescheduled for January 1985, and on December 10, 1984, the respondent filed a motion requesting the court to delay action on the November 30 order for disclosure of M.C.'s expert until completion of the Dental Board hearing. The trial court denied this motion and ordered dismissal of the action with prejudice on December 13, 1984. In June 1985, just prior to the expiration of six months from the entry of judgment, the respondent filed a motion to vacate the judgment of dismissal pursuant to C.R.C.P. 60(b). The court held a hearing, denied the motion as frivolous, and awarded an additional $250 in attorney's fees against M.C. and the respondent.

In handling this action, the respondent failed to keep M.C. informed of the status of the case, and did not inform her of the possibility of appeal once dismissal was final. He also failed to obtain copies of M.C.'s x-rays, and this prevented him from discovering a theory of malpractice and made it difficult for him to find an expert

willing to testify that the dentist was negligent.

The respondent admits that the foregoing conduct violates C.R.C.P. 241.6 and the Code of Professional Responsibility, DR 1–102(A)(1) (violating a disciplinary rule), DR 6–101(A)(1) (handling a legal matter which he knows or should know that he is not competent to handle), DR 6–101(A)(2) (handling a legal matter without preparation adequate in the circumstances), and DR 6–101(A)(3) (neglecting a legal matter entrusted to him).

## COUNT TWO

In June 1986, M.C. filed a malpractice action against the respondent based upon his alleged mishandling of her dental malpractice action. The respondent failed to file an answer, and default was entered against him. A hearing to determine damages was set for October 1986. M.C.'s attorney entered into an oral agreement with the respondent which provided that the respondent would pay M.C. the sum of $15,000 in three payments over the course of approximately four months, and the hearing was vacated. However, the respondent failed to sign the prepared stipulation and agreement forwarded to him by M.C.'s attorney and did not make any payments. After unsuccessfully trying to contact the respondent and elicit a reply by telephone and mail, M.C.'s attorney sent a notice to the court and the respondent to reset the hearing to determine damages. On December 29, 1986, the respondent met with M.C.'s attorney and tendered $15,000 in settlement of the claim. The malpractice case then was dismissed with prejudice pursuant to stipulation.

The respondent admits that the foregoing conduct violates C.R.C.P. 241.6 and the Code of Professional Responsibility, DR 1–102(A)(1) (violating a disciplinary rule), and DR 1–102(A)(5) (engaging in conduct that is prejudicial to the administration of justice).

## COUNT THREE

In January 1984, W.M.G. filed a request for investigation with the grievance committee regarding the respondent's handling of her deceased father's estate. The matter was referred to the disciplinary prosecutor in September 1984 for formal proceedings on charges that the respondent had failed to segregate client trust funds, had failed to maintain records of client funds, and had neglected a legal matter entrusted to him. The respondent and the disciplinary prosecutor entered into a Stipulation, Agreement, and Conditional Admission of Misconduct in which the respondent admitted the foregoing violations. The parties jointly recommended a private censure, and the respondent agreed to pay the costs of the proceedings.

In May 1985 the inquiry panel approved the stipulation on the conditions that the respondent establish trust fund accounting records and procedures and that he close the estate, both conditions to be satisfied within three months. In October 1985 the respondent still had not closed the estate or provided evidence of trust accounting records and procedures, and had failed to respond to a letter and phone calls requesting compliance. On November 18, 1985, the matter was referred back to the inquiry panel, and the next day the respondent forwarded reports concerning his trust account.

At a December 1985 meeting, the inquiry panel determined that the original stipulation would be approved if the respondent furnished proof that the estate had been closed, and the stipulation was forwarded to this court. We approved the recommendation and issued a letter of private censure. The letter ordered the respondent to file quarterly reports with the grievance committee until he furnished proof that the estate had been closed. The first report was due March 31, 1986, but was never received, even after committee counsel wrote a letter demanding that the report be filed immediately and the respondent promised that it would be filed.

In October 1985, the attorney representing the heirs of the estate had petitioned the court for review of the respondent's attorney's fees. An attorney was appointed to review the respondent's files. He

soon realized that estate work was new to the respondent, and he found that the procedures set up to administer the estate were cumbersome and costly. He also determined that most of the procedures for administering the estate had been established on the advice of another attorney in the respondent's firm. He found that there was no court file, no state income tax returns, no correspondence or notices from the Internal Revenue Service, and no closing statements on a real estate sale. The attorney issued a report in January 1986, which disallowed fees for sixty-seven hours of the respondent's time. The respondent promptly reimbursed the estate for the fees found to be excessive, paid the attorney's fees for making the inquiry and report, and supplied the required information regarding the estate to the Internal Revenue Service.

The respondent admits that the foregoing conduct violated C.R.C.P. 241.6 as well as the Code of Professional Responsibility, DR 1–102(A)(1) (violating a disciplinary rule), and DR 2–106(A) (charging clearly excessive fees).

## II.

In determining the sanction to be imposed, the hearing board considered the *American Bar Association Standards for Imposing Lawyer Sanctions* (1986). Reprimand is generally regarded as an appropriate sanction when a lawyer "is negligent in determining whether he or she is competent to handle a legal matter and causes injury or potential injury to a client." *See* Standard 4.53(b). The respondent demonstrated such negligence by undertaking the dental malpractice claim and the administration of an estate when he lacked experience in these areas, and his negligence resulted in injury to his clients.

The respondent also demonstrated neglect in his handling of these cases, and Standard 4.42(b) states that suspension is generally appropriate when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." Standard 8.2 also provides for suspension when a lawyer has been reprimanded for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client. Here, the respondent continued to neglect his duties to his client even after he had been privately censured.

After giving consideration to the facts of this case, the board concluded that public censure was not sufficiently severe discipline. However, the board also noted that the respondent's misconduct was due, in part, to his inexperience, that he has made restitution to the clients injured by his misconduct, and that he has a good reputation in his community for providing legal services without charge for indigent persons. After considering these factors, we approve the grievance committee recommendation that the respondent be suspended for a period of thirty days and that he be required to pay the costs related to this proceeding.

Accordingly, it is ordered that the respondent, Kenneth K. Frank, be suspended from the practice of law for a period of thirty days commencing March 7, 1988. The respondent is ordered to pay costs of $462.82 to the Supreme Court Grievance Committee, 600 17th Street, Suite 500S, Denver, Colorado, 80202, within thirty days from the date of the announcement of this opinion. The respondent's reinstatement is conditioned upon compliance with C.R.C.P. 241.22(b) and full payment of costs.