**The PEOPLE of the State of Colorado, Complainant,**

v.

**Charles M. RADOSEVICH, Attorney–Respondent.**

**No. 89SA86.**

Supreme Court of Colorado, En Banc.

Oct. 30, 1989.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

Charles M. Radosevich, Denver, pro se.

Justice LOHR delivered the Opinion of the Court.

This is an attorney discipline case in which a hearing panel of the Supreme Court Grievance Committee unanimously recommended that the respondent, Charles M. Radosevich, be disbarred and be assessed the costs of the proceeding. We accept the panel's recommendation and order that the respondent be disbarred.

I.

A hearing board of the grievance committee heard this matter. Radosevich did not appear at the hearing, but stipulated to the following facts. Radosevich was admitted to the bar of this court on October 3, 1969. In May of 1979, Radosevich formed a law partnership with Allan Stokes. Both partners agreed to contribute equally to a capital account which was to be used to pay joint bills. The partners opened and maintained two bank accounts consisting of a joint operating account and a joint trust account.

In late 1980, Radosevich purchased interests in a bar and a car wash. Radosevich and others formed Alex, Inc. to own and operate the bar. The same group formed ABC, Inc. to own and operate the car wash.

From April 1, 1984, to October 1986, the respondent made deposits into the trust account of the Radosevich & Stokes partnership on behalf of clients, on behalf of his business ventures, Alex, Inc. and ABC, Inc., and on his own behalf. These deposits totaled approximately $408,000.00. During the same period, Radosevich drew checks on the account totaling approximately $446,000.00. Of the amounts involved, Radosevich withdrew improperly approximately $265,000.00 in client funds for the benefit of his business ventures or for himself personally. A portion of the total deposits he made was to compensate for these withdrawals. Radosevich did not properly record or account for the withdrawals or deposits.

On October 31, 1986, Stokes discovered Radosevich's activities and that day deposited $18,375.00 into the trust account to cover outstanding checks. Over the next several months Stokes and his wife performed a complete accounting. They found that since April 1984 Radosevich had made deposits into the trust account and had drawn checks on that account without properly and accurately recording them in the account records or check register. The accounting revealed approximately 100 improper check transactions and 85 improper deposit transactions. The accounting also revealed that $38,282.18 in client funds had been used to benefit Radosevich either directly or indirectly through his business ventures. Radosevich has acknowledged by stipulation that he deliberately concealed most of the irregular transactions from Stokes.

No clients suffered harm as a result of Radosevich's misconduct because deposits were made either on behalf of other clients or by Radosevich that covered outstanding

checks until October 31, 1986. After that date Stokes covered all remaining outstanding client checks.

On November 4, 1986, Stokes confronted Radosevich with his discovery. Radosevich admitted his misconduct. Of the $38,282.18 that the initial accounting showed Radosevich owed, Radosevich paid $25,000.00 on November 12, 1986, and $13,282.18 in May 1987. Later accounting revealed a further discrepancy of $5,400.00 that Radosevich has agreed to pay if the shortage is confirmed and he is ultimately deemed liable for it.

Radosevich has stipulated, and we agree, that his conduct violated DR 1–102(A)(1) (violating a disciplinary rule), DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation) and DR 9–102 (preserving identity of funds and property of clients) and that his conduct warrants discipline pursuant to C.R.C.P. 241.6.

## II.

Radosevich's conduct, standing alone, calls for disbarment. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*) states:

> Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.

*Id.* 4.11. In the past this court has disbarred attorneys when they have used their clients' funds for their own benefit. *E.g., People v. Wolfe,* 748 P.2d 789 (Colo. 1988); *People v. Foster,* 733 P.2d 687 (Colo. 1987); *People v. Quick,* 716 P.2d 1082 (Colo.1986). Our previous cases involving the conversion of client funds treat this type of misconduct very seriously because it destroys the trust essential to the attorney-client relationship, severely damages the public's perception of attorneys, and erodes public confidence in our legal system. *Wolfe,* 748 P.2d at 793.

The *ABA Standards* also suggest that certain factors mitigate or aggravate an attorney's misconduct and therefore decrease or increase the appropriate sanction.

In this case Radosevich did not present any mitigating factors to the grievance committee hearing board, nor did he offer such factors in his brief to this court. Several of the aggravating factors outlined by the *ABA Standards* are present. Radosevich has a prior disciplinary record, having received letters of admonition in 1975 and 1982, *see id.* 9.22(a); his conduct involved a selfish motive, *see id.* 9.22(b); it constituted a pattern of misconduct taking place over two years and involving multiple offenses, *see id.* 9.22(c) & (d); and Radosevich has substantial experience in the practice of law, *see id.* 9.22(i).

Radosevich argues that the grievance committee's recommendation of disbarment is excessive in light of three prior decisions of this court: *People v. Calvert,* 721 P.2d 1189 (Colo.1986); *People v. Sachs,* 732 P.2d 633 (Colo.1987); and *People v. Wright,* 698 P.2d 1317 (Colo.1985). Each of these cases is distinguishable from the present case.

In *People v. Calvert,* 721 P.2d 1189 (Colo.1986), Calvert was suspended for one year and one day for commingling personal funds with client funds in his trust account. Unlike the current case, Calvert did not convert his clients' funds for personal use.

In *People v. Wright,* 698 P.2d 1317 (Colo. 1985), Wright was suspended for two years. The hearing board found that Wright had commingled funds but that the evidence was insufficient to establish that he was guilty of dishonesty, fraud, deceit or misrepresentation.

In *People v. Sachs,* 732 P.2d 633 (Colo. 1987), Sachs was suspended for two years. Although Sachs was found to have converted client funds, he had made complete restitution to the trust account long before any disciplinary proceeding was commenced. Sachs was found to have made unauthorized loans to himself from a partnership savings account, but he settled the dispute with the partnership without resort to litigation. That case is also distinguishable from the one now before the court because there were significant mitigating factors, including Sachs' two-year voluntary abstention from practicing law and his

financial and personal losses resulting from his own misconduct.

### III.

We have reviewed the stipulated facts and the aggravating factors in this case and conclude that disbarment is appropriate. It is hereby ordered that Charles M. Radosevich be disbarred, effective thirty days after the date of this order, and that his name be stricken from the roll of attorneys licensed to practice in this state. Radosevich is directed to comply with the requirements of C.R.C.P. 241.21 specifying certain action to be taken after entry of an order of disbarment. It is further ordered that Radosevich pay costs in the amount of $456.52 within thirty days of the date of this order to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Denver, Colorado, 80202.