**The PEOPLE of the State of Colorado, Complainant,**

v.

**Kenneth Kerry FRANK, Respondent.**

**Nos. 89SA229, 89SA317.**

Supreme Court of Colorado,
En Banc.

Nov. 13, 1989.

George S. Meyer, Deputy Disciplinary Counsel, Denver, for complainant.

No appearance for respondent.

Justice MULLARKEY delivered the Opinion of the Court.

In this attorney disciplinary proceeding, we have consolidated two cases in which the Supreme Court Grievance Committee recommended that the respondent, Kenneth Kerry Frank, be disbarred from the practice of law. We accept the recommendation.

I.

Frank was licensed to practice law in Colorado in 1977 and is subject to the disciplinary jurisdiction of this court and its Grievance Committee. In both cases before the Grievance Committee, he failed to cooperate in the investigation and failed to answer. Defaults were entered against him and the facts discussed below were deemed proven by clear and convincing evidence.

A.

The first case involves Frank's guilty plea on July 7, 1988 to the charge of theft, a class 3 felony, in the Larimer County District Court. The plea resulted from Frank's theft of settlement moneys which he obtained for David Rasmussen, a client in a personal injury case. The amount of the settlement was $82,000 and Frank sent Rasmussen a check for $40,000. He told the client that he would use the balance of the money to pay his attorney's fees and to reimburse an insurance carrier and the

Eighth Judicial District Victim's Compensation Fund, both of which had paid his client's medical bills. Frank failed to reimburse either entity and he converted the money to his own use. As part of his guilty plea, Frank was ordered to make immediate restitution of $15,600 to the insurance carrier and $2,906.05 to the victim's compensation fund.

The respondent's misconduct is subject to discipline under C.R.C.P. 241.6 and 241.16 and violated the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule); DR1–102(A)(3) (engage in illegal conduct involving moral turpitude); DR1–102(A)(4) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation); DR1--102(A)(6) (engage in conduct that adversely reflects on fitness to practice); DR7–101(A)(1) (intentionally fail to seek lawful objectives of a client); DR7–101(A)(3) (intentionally prejudice or damage a client during course of professional relationship); and DR9–102(B)(4) (fail to promptly pay funds to which client is entitled).

### B.

The second Grievance Committee case involves Frank's professional misconduct in his representation of two different clients. In February 1986, he negotiated a personal injury settlement on behalf of his client, Evelyn Lee, in the amount of $12,000. He paid $4,000 of that amount over to his client but did so only after numerous phone calls from her over a period of several months. He did not provide Lee with an accounting of the disbursement of the funds and made no further payments to her. In the summer of 1987, Frank left the state of Colorado, abandoned his practice, and failed to reply to repeated inquiries made by another attorney on behalf of Lee.

Frank's actions are grounds for discipline under C.R.C.P. 241.6 and violate the following provisions of the Code of Professional Responsibility: DR1–102(A)(3) (engage in illegal conduct involving moral turpitude); DR1–102(A)(4) (engage in conduct involving dishonesty, fraud, deceit or mis-

representation); DR1–102(A)(6) (engage in conduct that adversely reflects on fitness to practice); DR6–101(A)(3) (neglect of legal matter); DR9–102(B)(3) (maintain records and render accounts of client funds); and DR9–102(B)(4) (fail to promptly pay funds to which client is entitled).

The second part of this case involved many acts of misconduct in Frank's representation of a business client, Collins Cashway Lumber of Loveland, Inc. On behalf of the company, Doug Frost retained Frank to represent the company in 1981 and in November 1984, the company began paying him a monthly retainer. Frank agreed to provide the company with monthly statements reflecting expenses to be borne by the client and the legal services provided. By mid–1985, Frank was not providing monthly statements and Frost was no longer able to reach him. In October 1985 Frost retained another attorney as successor counsel. That attorney discovered fourteen separate lawsuits which Frank had handled for the company between 1981 and 1985 and which he had neglected to complete. In the majority of these cases, Frank obtained default judgments or reached settlements with the opposing parties but failed to collect on the judgments or settlements. Other cases were simply not pursued, resulting in dismissal of the cases with prejudice.

In one case involving his representation of the company, Frank received a settlement check in the amount of $24,500 in March or April 1985. Frank's check to the company for the same amount was returned for insufficient funds in April. Frank eventually paid the amount owed his client less attorney's fees of $2,400 but the payment came in several installments after repeated demands by Frost, involved another check returned for insufficient funds, and was not completed until after Frost had retained successor counsel.

The respondent's conduct with respect to this client is grounds for discipline under C.R.C.P. 241.6 and violates the following provisions of the Code of Professional Responsibility: DR1–102(A)(4) (engage in conduct involving dishonesty, fraud, deceit or

misrepresentation); DR6–101(A)(3) (neglect a legal matter); DR7–101(A)(1) (intentionally fail to seek lawful objectives of a client); DR7–101(A)(2) (fail to carry out contract of employment); DR7–101(A)(3) (prejudice or damage a client); and DR9–102(B)(4) (fail to promptly pay funds to which client is entitled).

## II.

The respondent has a record of prior discipline including a private censure in 1986 and a thirty-day suspension in 1988. *See People v. Frank*, 752 P.2d 539 (Colo. 1988). He presently remains under suspension.

There are no mitigating factors and disbarment is clearly the applicable discipline. Frank's theft of his client's funds alone is enough to warrant disbarment. Standard 4.11 of the *ABA Standards for Imposing Lawyer Sanctions* (1986) states that "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." Standard 5.1 also states that "[d]isbarment is generally appropriate when ... a lawyer engages in serious criminal conduct, a necessary element of which includes intentional ... misappropriation, or theft." We treat the conversion of client funds "very seriously because it destroys the trust essential to the attorney-client relationship, severely damages the public's perception of attorneys, and erodes public confidence in our legal system." *People v. Radosevich*, (Colo.1989), 783 P.2d 841, 842. Several other ABA Standards recommending disbarment also are applicable here. Standards 4.41(a), (b), and (c) recommend disbarment when a lawyer abandons his practice; knowingly fails to perform services for his client and causes serious or potentially serious injury to the client; and engages in a pattern of neglect with respect to client matters which causes serious or potentially serious injury to the client. We agree with the committee that there are aggravating factors present under Standard 9.22(a)-(e), including the respondent's prior disciplinary offenses, his

dishonest or selfish motive, a pattern of misconduct, multiple offenses, and obstruction of the disciplinary process.

Because a court order regarding restitution was entered in his criminal case, we find it unnecessary to enter a duplicate order of restitution. In the second case, the committee concluded that the respondent owes money to one or more of his former clients although it was unable to identify the specific amounts owing to such clients. Accordingly, we cannot enter an order of restitution at this time. If additional information becomes available, the disciplinary counsel may petition the Grievance Committee to reopen this case so that an order of restitution may be entered.

It is hereby ordered that Kenneth Kerry Frank be disbarred immediately and that his name be stricken from the roll of attorneys licensed to practice in this state. It is further ordered that Frank pay costs in the amount of $485.27 within thirty days of the date of this order to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Denver, Colorado 80202–5435.