The PEOPLE of the State of Colorado, Complainant,

v.

Robert E. HEDICKE, Attorney–Respondent.

No. 89SA410.

Supreme Court of Colorado,
En Banc.

Jan. 16, 1990.

Susan L. Fralick, Asst. Disciplinary Counsel, Denver, for complainant.

Robert E. Hedicke, El Paso, Tex., pro se.

PER CURIAM.

In this attorney discipline case, the Supreme Court Grievance Committee has recommended that the respondent, Robert E. Hedicke, be disbarred and that the costs of the proceedings be assessed against him. We suspended Hedicke from the practice of law on December 16, 1988 and we now order his disbarment.

I.

Hedicke was admitted to practice law in Colorado in 1974 and is subject to the disciplinary jurisdiction of this court and its grievance committee. This case arises because Hedicke was suspended from the practice of law in the state of Texas for a period of five years following his conviction of felony theft over $10,000 and his sentence to eight years confinement in the Texas Department of Corrections. The following relevant facts are set forth in the opinion of the Texas Court of Criminal Appeals affirming Hedicke's conviction:

Concerning the offense committed, appellant [Hedicke], an attorney, pled guilty to stealing over $10,000 from his client, Brenda Hummel. Appellant represented Hummel in a wrongful death suit against the U.S. Government which culminated in appellant's negotiation of a settlement for $330,000. For his services appellant received a $66,000 fee. Upon appellant's advice Hummel decided to allow appellant to place $30,000 of the settlement in an educational trust fund for her children which was to mature when they reached 18 years of age. Appellant took the $30,000 and, instead of investing it, he placed it in his own bank account. On the day of this deposit and approximately one week prior thereto, appellant had written two hot checks on this account in a sum totalling $10,000.

When Hummel's first child reached 18, she attempted to contact appellant. Ini-

tially, appellant avoided her and refused to return her calls. When he was finally forced to speak to her, appellant lied and stated that the money was in a C.D. drawing interest and would not mature until a later date. After Hummel's continued persistence, appellant admitted that he had not only failed to invest the money but that he had already spent it. Appellant then staged an elaborate scheme to feign a mysterious disappearance and fled town only to decide later to return.

After his return, appellant met with Hummel and proposed a plan for the repayment of the money. Following the meeting appellant appeared arrogant and bragged to another attorney, "they fell for it." The seriousness of appellant's criminal conduct was best summarized by his own attorney as a "flagrant violation" of "[o]ne of the most sacred trust[s] that exists at least in the commercial world between an attorney and his client."

*Hedicke v. State,* 779 S.W.2d 837, 843 (Tex. Cr.App.1989). Hedicke did not inform this court of his conviction or his suspension from the practice of law.

## II.

The Grievance Committee concluded that the respondent's conduct was grounds for discipline under the following subsections of C.R.C.P. 241.6: (1) (violation of the Code of Professional Responsibility), (3) (violation of highest standards of honesty, justice or morality), (5) (violation of a state's criminal laws), and (6) (violation of rules concerning attorney discipline). Hedicke failed to report his conviction as required by C.R.C.P. 241.16(b) and failed to report the discipline imposed on him by the Texas authorities as required by C.R.C.P. 241.-17(b). The committee also found that the respondent's conduct violated the following subsections of DR 1–102(A) of the Code of Professional Responsibility: (1) (violation of a disciplinary rule), (3) (engage in illegal conduct involving moral turpitude), (4) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation), and (6) (engage in conduct adversely reflecting on fitness to practice law).

Our rules provide that generally we will impose the same discipline on an attorney that has been imposed by another jurisdiction for that attorney's misconduct. C.R.-C.P. 241.17(d). However, the Grievance Committee may recommend a different sanction if warranted by the misconduct. C.R.C.P. 241.17(d)(4).

Here, the Grievance Committee based its recommendation of disbarment on four factors. First, the conduct involved dishonesty, fraud and deceit. Second, the misconduct involved a conversion of clients' funds. Third, Hedicke failed to report the Texas discipline to the proper Colorado authorities. Fourth, the respondent was convicted of a serious felony and he also failed to report his criminal conviction. The committee also found an absence of any mitigating factors. No exceptions have been filed challenging the committee's recommendations.

We agree that disbarment is the appropriate sanction, consistent with our caselaw and the *ABA Standards for Imposing Lawyer Sanctions* (1986). *See, e.g., People v. Frank,* 782 P.2d 769 (Colo.1989); *People v. Radosevich,* 783 P.2d 841 (Colo. 1989). *See also* ABA Standard 4.11 ("[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client") and ABA Standard 5.1 ("[d]isbarment is generally appropriate when ... a lawyer engages in serious criminal conduct, a necessary element of which includes intentional ... misappropriation, or theft").

Accordingly, it is hereby ordered that Robert E. Hedicke be disbarred effective immediately and that his name be stricken from the roll of attorneys licensed to practice in this state. It is further ordered that Hedicke pay costs in the amount of $265.76 within thirty days of the date of this order to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500S, Denver, Colorado 80202–5435.