The PEOPLE of the State of
Colorado, Complainant,

v.

David Ross CALVERT, Respondent.

No. 96SA66.

Supreme Court of Colorado,
En Banc.

April 29, 1996.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Assistant Disciplinary Counsel, Denver, for Complainant.

Burns, Figa & Wills, P.C., Phillip S. Figa, Alexander R. Rothrock, Englewood, for Respondent.

PER CURIAM.

This is a lawyer discipline case. The respondent has admitted in a stipulation, agreement and conditional admission of misconduct, C.R.C.P. 241.18, that he neglected two separate but similar client matters. The respondent and the assistant disciplinary counsel have agreed that the respondent should be suspended from the practice of law in the range of six months to one year and one day. An inquiry panel of the supreme court grievance committee approved the conditional admission, and recommended that the respondent be suspended for one year and one day. We have reviewed all pleadings, including the respondent's Analysis of Discipline filed April 4, 1996. Based upon that review, we accept the conditional admission and the panel's recommendation.

I

The respondent was admitted to practice law in Colorado in 1962. The conditional admission covers two formal complaints, GC 92A–97 and GC 95A–112, and the parties stipulated to the following facts and disciplinary violations.

A.  GC 92A–97 (Count I)

On May 16, 1989, a Regional Transportation District ("RTD") bus collided with Wayne E. Buchannan. About June 13, 1989, Buchannan retained the respondent by way of a contingency fee agreement to file an action against RTD for his injuries. The respondent wrote to RTD on June 27, 1989, introducing himself as Buchannan's lawyer and asking RTD for any documents related to the accident. At the time, the respondent believed that his letter complied with the notice requirements of section 24–10–109, 10A C.R.S. (1988).

The respondent subsequently filed an action against RTD in October 1990 in district court. RTD moved to dismiss the complaint on the ground that the respondent's letter or letters did not comply with the notice requirements of section 24–10–109, 10A C.R.S. (1988), of the Colorado Governmental Immunity Act. In December 1990, the district court judge dismissed the complaint and the respondent appealed to the court of appeals. On October 10, 1991, the court of appeals affirmed the dismissal of the action because the notice requirements of section 24–10–109,

10A C.R.S. (1988), had not been satisfied. *Buchanan v. Regional Transp. Dist.,* No. 91CA0133 (Colo.App. Oct. 10, 1991) (not selected for publication).

The evidence would also · show that the respondent failed to adequately advise Buchannan that his case had been dismissed and that the appeal had failed. It was not until Buchannan consulted another lawyer that he fully understood that he could not proceed against RTD. Buchannan then brought a legal malpractice action against the respondent which was settled before trial for $60,000, an amount Buchannan believed to be a fair.

The respondent has admitted that the foregoing conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to that lawyer).[1]

### B. (Count II)

The contingency fee agreement between the respondent and Buchannan specifically excluded other legal matters such as "no-fault automobile benefits (PIP benefits)." Nevertheless, on or about January 19, 1990, the respondent received a check from RTD in the amount of $7,671.66 as wage reimbursement and personal injury protection (PIP) benefits. The respondent and Buchannan were listed as payees. They both endorsed the check and went to the bank. The bank issued a cashier's check for $2,557.22 (one-third of $7,671.66) to Buchannan which he gave to the respondent.

The assistant disciplinary counsel indicates that the evidence would establish that the respondent performed legal work on Buchannan's PIP claim in excess of the $2,557.22 that he was paid. The contingency fee agreement did not cover the PIP claim and the respondent now concedes that he did not adequately explain the basis for his fee to Buchannan. The respondent has agreed to refund $625 to Buchannan, which the latter acknowledges is reasonable.

The respondent has admitted that he violated DR 2–106(A) (charge or collect an excessive fee) by failing to explain the basis for his fee adequately.[2]

### C. GC 95A–112

On August 17, 1989, Patricia Nelson was involved in an automobile accident with an RTD bus, and she hired the respondent to represent her. In a letter dated September 6, 1989, the respondent introduced himself to RTD as Nelson's lawyer and stated that his letter served as formal notice of the accident. As in the Buchannan matter above, the respondent thought that this letter complied with section 24–10–109, 10A C.R.S. (1988), which requires a claimant to file a detailed written notice within 180 days after the date of the discovery of an injury, § 24–10–109(1), 10A C.R.S. (1988). The respondent eventually completed and sent RTD a formal notice form on August 8, 1990, which was more than 180 days after the accident.

The respondent filed an action against RTD in district court in October 1990. The district court dismissed the complaint on March 31, 1991, for failure to comply with section 24–10–109, and the court of appeals affirmed the dismissal. *Nelson v. Regional Transp. Dist.,* No. 91CA0836 (Colo.App. June 18, 1992) (not selected for publication).

The respondent notified Nelson by letter on June 26, 1992, that her complaint had been dismissed and he recommended that she obtain another lawyer because there was an "issue of malpractice." Nelson decided not to file a malpractice suit or take any further action against the respondent.

As the respondent has stipulated, the above conduct violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice); and DR 6–101(A)(3) (neglect of a legal matter).

---

1. As part of the stipulation, the assistant disciplinary counsel requested that violations of DR 1–102(A)(4) and DR 7–101(A)(3), as charged in the original complaint, be dismissed because they could not be established by clear and convincing evidence.

2. The complainant states that as part of the conditional admission, he requests that the alleged violation of DR 1–102(A)(4) with respect to the second count be dismissed, as well as Count III of the complaint in GC 92A–97.

## II

The inquiry panel approved the conditional admission, with the recommendation that the respondent be suspended for one year and one day. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that in the absence of aggravating or mitigating circumstances, suspension is generally appropriate when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42.

The respondent has a significant history of previous discipline, which is the most important aggravating factor. ABA *Standards* 9.22(a). He received letters of admonition on August 8, 1977 (for neglect of a legal matter), October 19, 1977 (inadequate preparation and neglect), March 17, 1980 (commingling of client funds), May 20, 1982 (intentionally prejudicing or damaging a client), and July 31, 1992 (neglect). Moreover, he received a public censure in 1980 for conduct involving conflicts of interest and charging an excessive fee. *People ex rel. Cortez v. Calvert*, 200 Colo. 157, 617 P.2d 797 (1980). Finally, the respondent was suspended for one year and one day in 1986 for commingling of client funds in his trust account. *People v. Calvert*, 721 P.2d 1189 (Colo.1986). Additional aggravating factors include the existence of multiple offenses, ABA *Standards* 9.22(d); and substantial experience in the practice of law, *id.* at 9.22(i).

In mitigation, the assistant disciplinary counsel states that the respondent did not have a dishonest or selfish motive at the time of the misconduct, *id.* at 9.32(b); there was a timely good faith effort to make restitution as he settled the malpractice action before the request for investigation was filed, *id.* at 9.32(d); and the respondent has cooperated with the Office of Disciplinary Counsel in these proceedings, *id.* at 9.32(e).

Given the respondent's extensive disciplinary history and pattern of neglecting legal matters, a long rather than short period of suspension is appropriate. The question is a close one, but we have decided to accept the conditional admission and the inquiry panel's recommendation of suspension for one year and one day. Following such a suspension, the respondent will be required to demonstrate his efforts to maintain professional competence during the period of suspension and his fitness to practice law pursuant to C.R.C.P. 241.22(b)-(d). Given Calvert's history, we find that condition to be an important one.

## III

Accordingly, it is hereby ordered that David Ross Calvert be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that the respondent pay the costs of this proceeding in the amount of $2,327.85 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Calvert must undergo proceedings as set forth in C.R.C.P. 241.22(b)-(d) prior to reinstatement.