### The PEOPLE of the State of Colorado, Complainant,

v.

### Marshall L. McCLUNG, Attorney–Respondent.

### No. 97SA452.

Supreme Court of Colorado, En Banc.

Feb. 2, 1998.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Marshall L. McClung, Pine, Pro Se.

PER CURIAM.

In this lawyer discipline case, the respondent and the complainant entered into a stipulation, agreement and conditional admission of misconduct. *See* C.R.C.P. 241.18. The conditional admission recommended that the respondent be suspended from the practice of law for thirty days, with certain conditions for reinstatement. An inquiry panel of the supreme court grievance committee approved the conditional admission. We accept the conditional admission and order that the respondent be suspended for thirty days, with conditions.

## I.

The respondent was admitted to practice law in Colorado in 1978. The conditional admission discloses the following facts. Howard and Olney Kliewer purchased a snowmobile shop in Grand Lake, Colorado. A dispute arose between the Kliewers and the sellers, and an action was filed. On the morning set for a replevin hearing in the case, however, the shop burned to the ground.

The fire insurance carrier was Trinity Universal Insurance Company. In March 1992, Trinity hired the respondent to attend the replevin hearing, and later retained him to represent Trinity and to determine what the authorities had learned about the fire. Although the respondent had no previous experience in the investigation and evaluation of a fire loss claim, and had not rendered an insurance coverage opinion before, he did not associate himself with someone experienced in handling such a case. Acting as Trinity's lawyer, the respondent suggested that Howard Kliewer submit to a polygraph examination. The respondent has stipulated that his suggestion, framed as it was, violated section 10–3–1104(1)(h)(XVI), (k), 3 C.R.S. (1997), which defines as an unfair method of competition or an unfair act or practice in the business of insurance, "[r]equiring, directly or indirectly, any insured or claimant to submit to any polygraph test concerning . . . any claim under any policy of insurance."

Moreover, on the request of his client, the respondent made an inappropriate proposal to settle the Kliewers' fire insurance claim. He wrote to the Kliewers' lawyer and suggested that Trinity would pay a certain amount for personal property of the Kliewers. The insurer thereby effectively admitted liability for such claim. However, in order for the Kliewers to receive payment, they would be required to drop other claims including a claim for the personal property of others that also had been destroyed. The respondent admits that his settlement offer violated section 10–3–1104(1)(h), 3 C.R.S.

(1997), which prohibits certain unfair insurance claim settlement practices.

In December 1992, the Kliewers hired attorney Marilee Langhoff, who filed an action naming both Trinity and the respondent as defendants. The Kliewers stipulated that the fire in the shop was caused by arson. The jury found in favor of Howard Kliewer and against Trinity and the respondent. The respondent was found liable to Kliewer for defamation, tortious interference with a contract in connection with a line of credit at a bank, and outrageous conduct. In November 1994, an amended judgment was entered against the respondent in the amount of $170,000, including prejudgment interest. The respondent has made no payments toward satisfying this judgment. Following entry of the judgment, the request for investigation was filed in this case, but not by Trinity.

The respondent admits that the foregoing conduct, which occurred both before and after the effective date of the Rules of Professional Conduct, January 1, 1993, violated DR 6–101(A)(1) (handling a legal matter an attorney is not competent to handle) and Colo. RPC 1.1 (failing to provide competent representation to a client); DR 1–102(A)(5) and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); and DR 1–102(A)(6) and Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law).[1]

## II.

The inquiry panel approved the conditional admission and its recommendation of a thirty-day suspension with conditions. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer engages in an area of practice in which the lawyer knows he or she is not competent, and causes injury or potential injury to a client." *Id.* at 4.52.

---

1. As part of the conditional admission, the complainant represents that there is not clear and convincing evidence that the respondent defamed Kliewer, or that he made misrepresentations when registering a vehicle, as charged in the complaint. The complainant therefore requests that these charges be dismissed.

In aggravation, multiple offenses are present in this case, *see id.* at 9.22(d); and the respondent has substantial experience in the practice of law, *see id.* at 9.22(i). Mitigating factors include the fact that the respondent has not been previously disciplined in twenty years of practice, *see id.* at 9.32(a); he has made full and free disclosure to the grievance committee and has cooperated in these proceedings, *see id.* at 9.32(e); other penalties or sanctions have been imposed on the respondent, *see id.* at 9.32(k); and he has expressed remorse for his misconduct, *see id.* at 9.32(*l*).

As a condition for reinstatement, the respondent has agreed to demonstrate that he has either satisfied Howard Kliewer's judgment against him or come to an agreement with Kliewer as to how and when the judgment will be paid. Under these circumstances, we conclude that a short period of suspension is appropriate. *See, e.g., People v. Fried*, 898 P.2d 1066, 1068 (Colo.1995) (handling legal matters without adequate preparation, neglecting client matters, and failing to keep clients reasonably informed about status of matters warrants thirty-day suspension); *People v. Frank*, 752 P.2d 539, 542 (Colo.1988) (undertaking dental malpractice claim and administration of an estate and causing injury to clients because of inexperience in those areas warrants thirty-day suspension). Accordingly, we accept the conditional admission and the recommendation of discipline.

### III.

It is hereby ordered that Marshall L. McClung be suspended from the practice of law for thirty days, effective thirty days after the issuance of this opinion. It is further ordered that before he may be reinstated, and as a condition of reinstatement, McClung must demonstrate that he has either satisfied Howard Kliewer's judgment against him or come to an agreement with Kliewer as to how and when the judgment will be paid. McClung is further ordered to pay the costs of this proceeding in the amount of $47.75 to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.